IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUZ LORENA SIGUENZA<br>124 Heidi Lane<br>Sweedsboro, NJ 08085<br>  and<br>GUSTAVO TELLEZ<br>14 Berboro Avenue<br>Upper Darby, PA 19082<br><br>  Plaintiffs<br><br>  v.<br><br>BAYVIEW ASSET MANAGEMENT, LLC<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br><br>  and<br><br>BAYVIEW LOAN SERVICING, LLC<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br><br>  Defendants. | CIVIL ACTION NO.:<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION ON BEHALF OF PLAINTIFFS AND ALL SIMILARLY SITUATED PERSONS** |

**COLLECTIVE ACTION COMPLAINT**

Lorena Siguenza and Gustavo Tellez (*hereinafter* referred to collectively as "Plaintiffs," unless otherwise indicated), on behalf of themselves and all former employees who are similarly situated to them (as described *infra*) hereby bring this collective action against Defendants.

### INTRODUCTION

1. Plaintiffs have initiated the instant collective action to redress violations by Defendants of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*) and applicable state law(s). Plaintiffs assert that Defendants failed to pay them overtime compensation along with all employees/former employees who are similarly situated to them (as described *infra*).

1

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiffs' claims because they arise under a federal law - the FLSA.

3. This Court may properly maintain personal jurisdiction over Defendants because its contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult *sui juris* individuals with addresses as set forth above.

7. Defendant Bayview Asset Management, LLC. (*hereinafter* "Defendant BAM") is a full service mortgage investment firm that is headquartered at the above-caption address with additional locations in Florida, Pennsylvania, Texas, and Illinois.

8. Defendant Bayview Loan Servicing, LLC. (*hereinafter* "Defendant BLS") is a full service mortgage investment firm that is headquartered at the above-caption address with additional locations in Florida, Pennsylvania, Texas, and Illinois and is a servicers of both residential and small business commercial loans.

9. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

10. Defendants are so closely affiliated and jointly operated as to management, resources, policies, benefits, and in other ways that both Defendants are properly considered Plaintiff's joint, single and/or integrated employers for the purpose of this action.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiffs (as well as the putative collective class of plaintiffs) to this collective action consist of former employees who worked for Defendants and whose employment terminated prior to January 23, 2014.

13. Plaintiffs (as well as the putative class of plaintiffs) to this collective action consist of (and will consist of additional) employees who worked for Defendants at the following locations:

    a. Fort Washington, Pennsylvania;

    b. Hurst, Texas;

    c. Chicago, Illinois;

    d. Coral Gables, Florida; and

    e. Pompano Beach, Florida.

14. Plaintiffs (as well as the putative class of plaintiffs) consist of those employees who held the position of a residential asset manager (*hereinafter* "RAM") during their respective

tenures with Defendants at any of the aforementioned locations (within the aforesaid statutory period).

15. Plaintiff Lorena Siguenza (*hereinafter* "Plaintiff Siguenza") worked for Defendants for approximately one (1) year as an RAM until her separation from Defendants in or about September of 2013.

16. Plaintiff Gustavo Tellez (*hereinafter* "Plaintiff Tellez") worked for Defendants for approximately one (1) year as an RAM until his separation from Defendants in or about October of 2013.

17. While employed with Defendants, Plaintiffs' (as well as the putative class of plaintiffs) job responsibilities consisted of providing assistance to upper management and/or Defendants' underwriting department with modifications, short sales, and other delinquent portfolios through data entry, handling in-bound and out-bound collection calls, and gathering documents (necessary to complete short sales, modifications, and/or forbearances) from borrowers.

18. Plaintiffs, as well as other similarly situated RAMs, did not have responsibilities and/or the ability to supervise, discipline, evaluate, hire or terminate employees of Defendants during their respective tenures with Defendants.

19. Plaintiffs as well as RAMs similarly situated to them also did not have responsibilities to make management or business decisions for Defendants relating to purchasing assets, marketing, sales/financial targets, or other company financial decisions.

20. During their employment, Plaintiffs (as well as the putative class of plaintiffs) did not have the ability to approve and/or finalize loan modifications, short sales, forbearances,

4

or any other decisions regarding delinquent portfolios without clear consent and/or approval from management or Defendants' underwriting department.

21. While employed with Defendants, Plaintiffs and other RAMs similarly situated to them were/are paid by salary.

22. Throughout their employment, Plaintiffs and other RAMs similarly situated to them worked well over 40 hours per week and often worked from approximately 10-30 hours of overtime per week.

23. Plaintiffs (as well as the putative class of plaintiffs) were not paid time and one-half for the hours that they worked over forty (40) hours per week.

24. Plaintiffs and other RAMs similarly situated to them were not paid time and one half for hours that they worked in excess forty (40) hours a week.

25. Defendants have and continue to perpetuate a system whereby they intentionally fail to abide by overtime laws, which is evidenced by:

    a. Defendants intentionally mischaracterizing Plaintiffs and similarly situated RAMs as "exempt" employees solely to avoid state and/or federal wage obligations and cheat Plaintiffs out of legally entitled earnings.

    b. Defendants failure to keep proper records of all hours worked by Plaintiffs and similarly situated RAMs.

    c. Defendants intentionally misrepresenting the amount of hours actually worked by Plaintiffs and similarly situated RAMs on their bi-weekly paychecks.

26. Upon information and belief, Defendants maintain across-the-board unlawful pay policies and practices designed and orchestrated to evade federal wage laws and have failed to pay Plaintiffs and similarly situated RAMs proper overtime wages.

## Count I
### Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. At all times relevant herein, Defendants have and continues to be "employers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

29. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiffs and RAMs similarly situated to Plaintiffs.

30. At all times relevant herein, Plaintiffs were employed with Defendants as "employee[s]" within the meaning of the FLSA, as were employees who also worked as RMAs and who were similarly situated to Plaintiffs.

31. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

32. At all times during his employment with Defendants, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

Defendants' violations of the FLSA as to Plaintiffs and RAMs who are/were similarly situated to Plaintiffs include, but are not limited to:

    a.    Not paying them at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per work week;

    b.    Not using proper record keeping mandated by the Department of Labor to ensure that they were paid for each and every hour they worked;

6

    a.    Intentionally mischaracterizing Plaintiffs and similarly situated residential asset managers as "exempt" employees solely to avoid state and/or federal wage obligations and cheat Plaintiffs out of legally entitled earnings.

    b.    Misrepresenting the amount of hours actually worked by Plaintiffs and similarly situated RAMs on their bi-weekly paychecks.

33.    As a result of Defendants' failure to pay Plaintiffs the wages and overtime compensation due them (and other RAMs who were similarly situated to Plaintiffs), Defendants violated the FLSA, causing Plaintiffs and similarly situated RAMs to suffer damages.

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**

34.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.    Defendants' failure to pay overtime to Plaintiffs (and other RAMs who were similarly situated to Plaintiffs) in the aforesaid manners also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of state and federal wage laws;

(2) Defendants are to compensate, reimburse, and make Plaintiffs and all RAMs similarly situated to Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and wages. They should be accorded those benefits illegally withheld.

(3) Plaintiffs and employees similarly situated to Plaintiffs should be awarded liquidated damages as applicable under the laws which they are suing in an amount believed to be appropriate to deter such conduct by Defendants in the future; and

(4) Plaintiff and employees similarly situated to Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By:   */s/ Ari R. Karpf*
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020

Date: September 17, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LUZ LORENA SIGUENZA and GUSTAVO TELLEZ | : | CIVIL ACTION |
| v. | : | |
| BAYVIEW ASSET MANAGEMENT, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 9/18/2014 | Ari R. Karpf | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 124 Heidi Lane, Sweedsboro, NJ 08085; 14 Berboro Avenue, Upper Darby, PA 19082

Address of Defendant: 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/18/2014      _____ Attorney-at-Law      ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/18/2014      _____ Attorney-at-Law      ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LUZ LORENA SIGUENZA
GUSTAVO TELLEZ

(b) County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, PC, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, alease@karpf-law.com

## DEFENDANTS
BAYVIEW ASSET MANAGEMENT, LLC, et al.

County of Residence of First Listed Defendant: Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 9/18/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___