IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LUZ LORENA SIGUENZA | : CIVIL ACTION |
|---|---|
| v. | : |
|  | : NO. 14-5336 |
| BAYVIEW ASSET MANAGEMENT, LLC | : |

## ORDER-MEMORANDUM

**AND NOW**, this 17th day of June 2015, following discovery on conditional certification granted by this Court (ECF Doc. No. 28) and upon consideration of Plaintiffs' Motion to Conditionally Certify FLSA Collective Action (ECF Doc. No. 29), Defendants' Response (ECF Doc. No. 34), Plaintiffs' Reply Brief (ECF Doc. No. 35), Plaintiffs' Supplemental Motion and Exhibits (ECF Doc. Nos. 44, 56, 59), and Defendants' Supplemental Opposition to Conditional Certification (ECF Doc. Nos. 61, 62);

It is **ORDERED** Plaintiffs' Motion (ECF Doc. No. 29) is **GRANTED in PART and DENIED in PART**, and a collective action is conditionally certified of individuals comprised of: "All former employees of Defendants, Bayview Asset Management, LLC and Bayview Loan Servicing, LLC working at Defendants' Fort Washington, Pennsylvania or Pompano Beach, Florida offices between January 24, 2011 and January 24, 2014, and holding the job title "Residential Asset Manager."

It is **FURTHER ORDERED** Plaintiffs shall circulate a <u>draft</u> court-facilitated notice and protocol to Defendants no later than June 22, 2015, Defendants shall comment upon the draft and protocol to Plaintiffs by June 26, 2015, and Plaintiffs shall move for approval of their proposed Court-facilitated notice with a memorandum not exceeding ten (10) pages and identifying all

areas of disagreement on the notice in an attached black-lined version of the proposed Notice on or before **July 1, 2015**. Defendants may submit memoranda not exceeding ten (10) pages explaining their position on any dispute with the proposed protocol or proposed black-lined notice on or before **July 7, 2015**.

## *Analysis*

Bayview Asset Management, LLC and/or Bayview Loan Servicing LLC ("Defendants") formerly employed Plaintiffs Luz Lorena Siguenza and Gustavo Tellez as "Residential Asset Managers" ("RAMs"). Plaintiffs allege Defendants violated, *inter alia*, the Fair Labor Standards Act ("FLSA"). Plaintiffs claim to represent a class of former employees who 1) worked as RAMs between January 24, 2011 and January 24, 2014; 2) at their offices in Fort Washington, Pennsylvania, Hurst, Texas, Chicago, Illinois, Coral Gables, Florida or Pompano Beach, Florida; 3) worked overtime hours but were not paid at least 1½ times applicable regular rate for hours beyond forty (40) in a given work week; and 5) "opt in" to this collective action after court approved notice. Plaintiffs claim Defendants incorrectly classified them, and similarly situated employees in these offices, as "exempt" from the overtime requirements of the FLSA.

Plaintiffs move to conditionally certify their collective action under 29 U.S.C. §216(b), for the purpose of sending notice to potential opt-in employees. The first stage of analysis requires us to look at whether similarly situated plaintiffs do in fact exist. It is the second stage of analysis that determines whether plaintiffs who opt in are in fact similarly situated to the named plaintiffs. *Zavala*, 691 F. 3d at 536 n.4.

To prove potential opt-ins are similarly situated, Plaintiffs must make a "modest factual showing" the potential opt-ins have similar job responsibilities and limitations, and they all were victims of Bayview's alleged policy or plan. *See Williams v. Owens & Minor, Inc.*, No. 09-742,

2

2009 WL 5812596, *2 (E.D.Pa. 2009). Plaintiffs' initial pleading and motion contained scant information to support conditional certification, but thereafter supplemented their motion with exhibits, declarations and depositions. [ECF Doc. No. 44, Ex. A-J, 56, 59]. After review of Plaintiffs' materials, we conclude notice may be sent to potential "opt-ins" employed by Defendants in either Fort Washington, Pennsylvania or Pompano Beach, Florida between January 24, 2011 and January 24, 2014.

Plaintiffs, at this stage, meet their modest burden of demonstrating similarly situated employees exist at these two offices regardless of the bank portfolio assigned to the potential opt-in employees. Several declarations aver similarly situated RAMs existed at these two locations. We will later determine whether the opt-in plaintiffs are in fact "similarly situated" to the named Plaintiffs. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

A. *Fort Washington, Pennsylvania office*

Plaintiffs made a successful showing with regard to the Fort Washington, Pennsylvania location by producing their own Certifications as well as Declarations and Certifications from Sean Dever, Roderick Foxworth, and Jessica Gratz. All of these documents claim RAMs had similar job responsibilities. Each certification claims Defendants did pay overtime. Defendants' arguments address factual disputes regarding whether they treated any RAM in a disparate manner.

Sean Dever, an employee at Bayview's Fort Washington location, explains in his Certification he was "given lists of individuals [who were delinquent in their loans] to call by management," and "directed and trained to introduce [himself] and ask a series of standard checklist-based questions." [ECF Doc. No. 44 Ex. A, ¶ 14-17]. Further, he explains he "had no

3

approval authority" over the offers to renegotiate the terms of loan payment he made over the phone. *Id.* at ¶ 20. Finally, Dever claims he "was never paid overtime." *Id.* at ¶11.

Roderick Foxworth, another employee at Bayview's Fort Washington location, explains RAMs performed job duties such as "cold calling" and "convinc[ing] individuals to engage in loan modifications," and RAMs occasionally had to "transfer files between states." Foxworth also claims "RAMs in general were not paid overtime compensation for hours worked over 40." (ECF Doc. No. 44, Ex D, ¶ 5, 9).

Jessica Gratz, an employee at Bayview's Fort Washington location, certifies, "RAMS from all states [...] were overseen and managed by centralized management." (ECF Doc. No. 44, Ex G, ¶ 9). She also explains, "other RAMs working on different portfolios than myself had the same job duties and level of discretion as [she] did" such as "cold calling prospective customers from lists given by management" and "convinc[ing] individuals to engage in loan modifications." (ECF Doc. No. 44, Ex G, ¶ 4)

B. *Pompano Beach, Florida office*

Plaintiffs also make a "modest factual showing" similarly situated Plaintiffs may have been employed at Defendants' Pompano Beach, Florida office. Lynda Watkins, a former RAM at Bayview's Pompano Beach, Florida location, certifies "RAMS performed similar job duties." (ECF Doc. No. 44, Ex J ¶ 9). She also certifies she "was given lists of individuals to call by management" during her time as a RAM, and during these calls she "was required to ask questions from a pre-determined list." (ECF Doc No. 44, Ex J ¶17). She also explains, "it was common knowledge RAMs were not paid at a rate of time and one half or any specific compensation for overtime hours." (ECF Doc. No. 44, Ex J ¶10).

C. *Coral Cables, Florida, Hurst, Texas and Chicago, Illinois offices.*

This Court cannot find Plaintiffs made a "modest factual showing" as to potential opt-ins employees formerly working in Defendants' offices in Coral Gables, Florida, Hurst, Texas or Chicago, Illinois. Plaintiffs adduce no evidence of similar duties or compensation in those locations. Their only potential nexus is employees from Fort Washington, Pennsylvania spoke to RAMs in other undisclosed locations and learned, supposedly from them, of similar roles or types of jobs. After discovery, Plaintiffs adduce no personal knowledge of duties in these three locations. The general reference to RAMs in other offices in not sufficient, particularly when these "statements" come from unknown persons from unknown locations. These statements are not trustworthy and, at a minimum, may constitute inadmissible hearsay which should not form the basis of a claim for employees who may not be similar at all. They constitute pure speculation of a factual nexus between Plaintiffs' claim and potential claims from these three offices. We cannot conditionally certify absent some modest showing the employees in the other three proposed offices shared the same duties as those in Fort Washington and Pompano Beach. Averments the Defendants enjoy central management in Florida does not inform the Court of any common RAM duties or compensation.

As we partially grant Plaintiffs' motion at this early stage, this Order affirms our broad discretion under the FLSA to facilitate notice to potential opt-in plaintiffs and direct the parties to cooperate in promptly preparing a draft notice and protocol for service. *Hoffmann-Laroche v. Sperling*, 493 U.S. 165, 169 (1989); *Naicker v. Warrior Energy Services, Inc.*, 2015 WL 1642209 (W.D. Pa. 2015) (citations omitted).

KEARNEY, J.

5